DEBORAH M. SMITH
Acting United States Attorney

RETTA-RAE RANDALL
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 3:05-cr-099-03-JWS |
| ) | |
| Plaintiff, ) | |
| ) | PLEA AGREEMENT |
| vs.. ) | |
| ) | |
| HILARY JEANETTE PATTISON, ) | ~~FILED UNDER SEAL~~ |
| ) | UNSEALED PER ORDER |
| Defendant. ) | AT DKT 129 |
| ) | |

## I. INTRODUCTION

A.  *Summary.*

This brief introduction sets forth a summary of the terms of the Plea Agreement

between HILARY JEANETTE PATTISON ("PATTISON"), the defendant and the

United States. This summary is not intended to supercede the language that follows this subsection.

The defendant agrees to plead guilty to Count 3 of the First Superseding Indictment, which charges her with aiding and abetting interstate transportation of stolen property in violation of Title 18 U.S.C. §§ 2314 and 2.    In exchange for the defendant's plea, the United States agrees to dismiss Count 1, and not to bring any additional charges in connection with the investigation that led to the instant Indictment. The parties agree that the amount of loss attributable to the defendant should be limited to $41,556.45; however, the defendant agrees to pay a total restitution amount of $49,621.45.

The defendant also agrees to cooperate with the United States in the investigation and prosecution of others. If the defendant truthfully and fully cooperates in the case, the government will recommend a sentence of five (5) years of probation, with one of the conditions of probation being 60 days of confinement in a halfway house or home detention.

B.    *Complete Agreement.*

This document contains the complete plea agreement between the United States and the defendant, HILARY JEANETTE PATTISON.    No other agreement, understanding, promise, or condition exists between these two parties. The defendant

understands this agreement is limited to the District of Alaska and does not bind other federal, state or local prosecuting authorities.

The defendant and her counsel understand this plea agreement is not final until (1) it has been signed by the Acting United States Attorney; (2) the fully executed agreement has been filed with the Court; and (3) the Court has accepted defendant's guilty plea.

C.    *Federal Rules of Criminal Procedure.*

The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1) (A) and (B). This means that the defendant may not withdraw from this agreement unless the court denies the government's post-imposition of sentence motion to dismiss Count 1 of the Indictment, or the United States brings additional charges arising from this investigation.    This also means that the court may accept or reject the recommendations or requests of the parties. Fed. R. Crim. P. 11(e)(2). The defendant may not withdraw from this agreement if the court deviates from the sentencing recommendations made by the United States or by defense counsel. Neither the defendant nor the court is bound by the government's sentencing estimates.

The parties agree that if the defendant's guilty plea is rejected, withdrawn, set aside, vacated or reversed at any time, the United States will be free to prosecute the

defendant on all charges covered by this agreement, including any charges that might have been brought but for this agreement.

D.    *United States Sentencing Guidelines.*

This case arises out of conduct occurring after November 1, 1987 and as such is subject to calculation of an advisory sentence pursuant to the United States Sentencing Commission Guidelines (U.S.S.G.). The court will also consult the sentencing factors set forth in 18 U.S.C. § 3553(a).

E.    *Attorney's Fees and Costs.*

Because this is a negotiated resolution of the case against the defendant, the parties waive any claims for the award of attorney's fees and costs.

## II. WHAT THE DEFENDANT AGREES TO DO

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the Court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

A.    *Charges.*

The defendant is charged by First Superseding Indictment with Count 1: Conspiracy, in violation of Title 18 U.S.C. § 371, and Count 3: aiding and abetting interstate transportation of stolen property in violation of Title 18 U.S.C. §§ 2314 and 2. Pursuant to this written agreement, the defendant agrees to plead guilty to, and to freely and openly acknowledge her responsibility for the acts and omissions constituting the factual basis for her plea of guilty to Count 3 of the First Superseding Indictment.

B.    *Agreements on Departures.*

Unless specifically set forth in this plea agreement, the defendant agrees that she will not seek any downward departures or downward guideline adjustments under the U.S.S.G. or any other authority.

C.    *Cooperation*

1.    The defendant agrees to cooperate in all federal, state and local investigations and prosecutions as requested of her. The defendant understands and agrees a government motion for a substantial assistance departure is not a reward for cooperating with the United States. Federal law enforcement officers or an authorized representative of the United States Attorney's office will conduct debriefings of the defendant pursuant to this agreement. The defendant will fully and truthfully disclose all information concerning all individuals associated with the

subject being inquired about, including any statements such individuals made to the defendant concerning their activities and associations. The defendant will not be permitted to refuse to answer any questions asked of her.

2.     The defendant agrees she must provide truthful and complete information at all times. During any debriefing, the defendant agrees to totally disclose all relevant information even if a question specifically seeking such information is not asked. The United States will consider it materially misleading and will consider it unsatisfactory if the defendant simply answers all questions truthfully but fails to disclose relevant information because, in her belief, no one asked precisely the right question. The defendant also agrees to turn over to the United States any documents in her possession or under her control that are relevant to the inquiries of law enforcement. The defendant understands and agrees that if she provides false or incomplete information or testimony during any judicial proceeding, including grand jury, she will have materially breached this agreement. The defendant is aware she subjects herself to prosecution for perjury, giving false statements, or obstruction of justice if she provides false or misleading information or testimony at any time, and she agrees her statements can and will be used against her during any prosecution for these other offenses.

3.     The defendant understands that if she falsely implicates an innocent person in the commission of a crime, or exaggerates the involvement of any

person in the commission of a crime in order to appear cooperative, or if the defendant falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, then the defendant will be in violation of the plea agreement. It will also be a material breach of the defendant's obligation to cooperate if she informs, directly or indirectly, any person that they are a target of a government investigation. While this agreement is in effect, it will be a material breach, if the defendant violates any local, state, or federal law.

4.    The defendant agrees that her obligations under this agreement will continue on beyond the time that the court imposes the sentence. The defendant has a continuing obligation, if called upon, to testify truthfully before either a grand jury or a trial jury in one or more trials. A failure or refusal to do so will be a material breach of this agreement and the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter, including any charges the government has agreed to dismiss.

5.    The defendant understands there is a possibility that despite her agreement to cooperate, the United States may not file a motion for a substantial assistance departure on the defendant's behalf. If, in good faith, the United States determines the defendant has complied with the terms of this plea agreement and has met the government's criteria for a substantial assistance departure motion, the United

States will move for such a departure. The defendant understands the decision to file a motion for a substantial assistance departure lies solely within the prosecutorial discretion of the United States. Even if the United States or law enforcement officers debrief the defendant and even if the defendant testifies in behalf of the United States at any court proceeding, the defendant understands the United States may not file any motion for a downward departure if the United States, in the exercise of its prosecutorial discretion, determines the defendant has not provided substantial assistance. If the United States does not move for a substantial assistance departure, the defendant agrees she will not be permitted to withdraw her plea of guilty. The defendant also understands that she cannot challenge the government's decision to decline filing a motion for a substantial assistance downward departure, unless she can show that the government's decision was based on an unconstitutional motive or was done in bad faith. Accordingly, the defendant acknowledges the United States has not guaranteed the defendant a motion for a substantial assistance downward departure pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35 nor has it guaranteed the court would grant such a motion if the United States moved for a substantial assistance departure.

6.    In deciding if it should file a motion for a substantial assistance departure for the defendant, the United States will assess whether or not the defendant has met the requirements of U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and Fed. R. Crim.

P. 35(b). Substantial assistance consists of providing truthful, complete, and useful information which was previously unknown to the government and is both significant and admissible in court in aid of the prosecution of other persons who have committed offenses against the United States and are charged, whether or not such testimony ultimately becomes necessary as dictated by the course of action chosen by those charged based in whole or in part on the information provided by the defendant. Substantial assistance does not encompass providing information already known to the United States or providing information of minimal probative value, or which is uncorroborated, or is otherwise inadmissible in court. It also does not encompass providing information upon which the United States Attorney for the District of Alaska cannot act or does not have the resources upon which to act.

If the defendant provides truthful, complete, and useful information regarding incidents or persons outside the jurisdiction of the United States District Court for the District of Alaska, the United States will make a good faith effort to inform the United States Attorney or federal law enforcement agencies in the other district about the defendant's information. If the defendant provides substantial assistance to the other United States Attorney's office, it will be left to the discretion of the other United States Attorney's office to move for a substantial assistance departure in the defendant's behalf. The defendant agrees the United States

Attorney's office for the District of Alaska is not obligated to move for a substantial assistance departure for assistance provided to other United States Attorney's offices.

7.      The defendant understands that even if the United States moves for a substantial assistance departure, the court is not bound to grant the motion. The defendant understands and agrees that, if the United States moves for a substantial assistance downward departure, she will not be permitted to withdraw her plea if the court finds that a downward departure is not appropriate or does not follow the departure recommendations made by either the government or the defendant.

8.      On the express condition that the defendant fully cooperates with all state and federal investigations and does not breach this plea agreement, and does not provide false or misleading information or testimony, the United States agrees that any statements or information the defendant has provided pursuant to this section will not be directly used against the defendant in any federal criminal proceeding, and will not be used contrary to the policy set forth in U.S.S.G. § 1B1.8.

9.      The defendant understands this agreement does not confer any immunity on her for making false statements to the government or giving untruthful testimony under oath at any judicial proceeding. This agreement does not provide use immunity to the defendant in a prosecution for any future acts.

D.      *Restitution.*

The parties agree that restitution due and owing in this case totals $49,621.45.

The defendant agrees to pay the loss amount of $41,556.45 attributable to her participation in the conspiracy, as well as an additional $8,065.00 she obtained by arranging the sale in-state of three (3) stolen coins back to OAR.

E.    *Fine.*

The parties agree that the determination of the defendant's ability to pay a fine will be argued at sentencing, after review of the Pre-Sentence Report, and taking into consideration the amount of restitution due and owing.

F.    *Special Assessment.*

At sentencing, pursuant to 18 U.S.C. § 3013(a), the defendant will pay the special assessment fee of $100.00 per count of conviction.

G.    *Waivers of appellate and collateral attack rights.*

The defendant understands that her plea of guilty includes and constitutes a waiver of the right to appeal the conviction. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, in the event the Court accepts this plea agreement and imposes a sentence within its parameters, defendant will knowingly and voluntarily waive any right to appeal the sentence, including any conditions of release, imposed under the provisions of 18 U.S.C. § 3742. Furthermore, the defendant also knowingly and voluntarily agrees to waive any right to collaterally attack the conviction and/or sentence. The only exceptions to this collateral attack waiver are as follows: 1) any

challenge to the conviction or sentence alleging ineffective assistance of counsel based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the time the Court imposes sentence; and 2) a challenge to the voluntariness of the guilty plea. The defendant agrees that if the guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified at any time in any proceeding for any reason, the United States will be free to prosecute defendant on all charges arising out of the underlying investigation for which there is probable cause.

H.    *Waiver of Right to Jury Trial on Sentencing Factors.*

The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the First Superseding Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly acknowledges that her plea to the charged offense authorizes the Court to impose a sentence in accordance with the terms of this Plea Agreement.

### III.    WHAT THE GOVERNMENT AGREES TO DO

A.    In exchange for the defendant's guilty plea to Count 3 of the First Superseding Indictment, the United States agrees to dismiss Count 1 at sentencing, and to not prosecute the defendant further for any offenses - now known - arising out of the subject of this investigation in the State of Alaska. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the

sentence is vacated, reversed, set aside, or modified at any time in any proceeding for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case and any other cases for which there is probable cause.

B.      If the defendant truthfully and fully cooperates in the case, the government will recommend a sentence of five (5) years of probation, with one of the conditions of probation being 60 days of confinement in a halfway house or home detention.

C.      The United States agrees that if the defendant clearly demonstrates acceptance of responsibility for the  offense, then she will   receive a 2-level downward adjustment for acceptance of responsibility.  If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in  U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make such a recommendation or, if one has already been made, it will withdraw the recommendation.

## IV.  ADVISEMENT OF MAXIMUM PENALTIES AND CONDITIONS OF SENTENCE

A.      *Maximum Penalties.*

The maximum statutory penalties for aiding and abetting the interstate transportation of stolen property in violation of 18 U.S.C. §§ 2314 and 2 in Count 3

of the First Superseding Indictment are (1) a term of imprisonment of ten (10) years; (2) a fine up to $250,000.00; (3) a term of supervised release of not more than three years; and (4) a special assessment of $100.00.

      B.    *Costs of Imprisonment.*

Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

      C.    *Interest.*

Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

      D.    *Supervised Release.*

Upon violating any condition of probation or supervised release, a further term of imprisonment equal to the period of the probation or supervised release may be imposed, with no credit for the time already spent on probation or supervised release.

      E.    *Restitution.*

The Court may order that the defendant pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

F. *Payments.*

All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

## V. ADVISORY GUIDELINE APPLICATIONS AND SENTENCING AGREEMENTS (Estimated)

Count 3:

Base Offense Level (2B1.1(a)(2)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Specific Offense Characteristic (Loss) (2B1.1(b)(1)(D)) . . . . . . . . . . . . +6

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Adjustment For Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . . -2

Total Offense Level (estimated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Criminal History Category (estimated) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

Advisory Sentencing Range . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 - 12 months

A. The parties agree that the amount of loss from the conspiracy attributable to the defendant should be limited to $41,556.45.

B. Assuming that the defendant truthfully and candidly admits her involvement and culpability in the offense set forth in Count 3 of the First Superseding Indictment to both the Court and the probation office, the parties agree

that the defendant would be entitled to a 2-level reduction from the base offense level pursuant to § 3E1.1(a).

C. The parties agree that the determination of the defendant's ability to pay a fine will be argued at sentencing, after review of the Pre-Sentence Report, and taking into consideration the amount of restitution the defendant has agreed to pay.

D. The parties agree that the defendant will pay a total amount of $49,621.45 in restitution to Oxford Assaying and Refining Corporation (OAR).

## VI. ELEMENTS OF THE OFFENSE

The parties agree that the charge of aiding and abetting the interstate transportation of stolen property in violation of 18 U.S.C. §§ 2314 and 2, as set forth in Count 3 of the First Superseding Indictment, has the following elements:

First, the defendant, acting with another, moved stolen coins worth at least $5,000 from one state to another;

Second, at the time the coins crossed state lines, the defendant knew they were stolen; and

Third, the defendant intended to deprive the owner of the use of the stolen coins temporarily or permanently.

## VII. FACTUAL BASIS FOR THE PLEA

The defendant acknowledges the truth of and stipulates to the following facts:

Beginning on or about March, 2004, and continuing to at least on or about July, 2004, HILARY JEANETTE PATTISON, while living in American Fork, Utah, received coins in the mail from JASMINE DANIELLE HOLLIMON ("HOLLIMON") which PATTISON knew had been stolen. The coins had been stolen by HOLLIMON from her place of employment, Oxford Assaying and Refining Corporation ("OAR") in Anchorage, Alaska. PATTISON sold the stolen coins to Rust's Coins in Provo, Utah, and cashed the checks received from the sale of the coins at Central Bank, the bank upon which the checks were drawn. The total value obtained from the sale of these coins was $41,556.45. After keeping a portion of the sale proceeds for herself (approximately $9,306.45), PATTISON then deposited the remainder of the proceeds received from the sale of the stolen coins in Provo, Utah, to the Wells Fargo Bank account of HOLLIMON.

## VIII. ADEQUACY OF THE AGREEMENT

Pursuant to CR 11.2(d)(7) and (8), this plea agreement is appropriate in that the remaining charge adequately reflects the seriousness of the actual offense behavior and does not undermine the statutory purposes of sentencing. The recommended sentence will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate herself.

## IX. <u>DEFENDANT'S AGREEMENT AND UNDERSTANDING OF</u>

## <u>THE TERMS OF THIS PLEA AGREEMENT</u>

I, HILARY JEANETTE PATTISON, being of sound mind and under no compulsion, threats or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my understanding of this plea agreement as follows:

A.    I wish to enter a plea of guilty to Count 3 of the First Superseding Indictment;

B.    My attorney has explained the charge to which I am pleading guilty, the necessary elements, and the consequences of my plea.

C.    I am admitting that the allegations against me in Count 3 of the First Superseding Indictment and the factual basis for my plea are true.

D.    I understand that by pleading guilty I give up and I agree to waive the following rights:

--    The right to plead not guilty or to persist in that plea if it has already been made;

--    The right to a speedy and public trial by a jury on the issue of my guilt;

--    The right to object to the composition of the petit jury;

--   The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

--   The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel represent me during the sentencing phase of my case;

--   The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

--   The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

--   The right to contest the validity of any searches conducted on my property or person.

E.   I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case as long as the Court imposes a sentence within the parameters of this agreement.

Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel--based on information not now known by me and which, in the exercise of due diligence, could not be known by me by the time the Court imposes the sentence--which affected either my guilty plea or the sentence imposed by the Court. I am fully satisfied with the representation given me by my attorney. We have discussed all possible defenses to the charges. He has investigated my case and followed up on any information and issues I have raised with him to my satisfaction and he has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement.

F.      I further understand that if I plead guilty, there will not be a trial and that the Court will ask me under oath to answer questions about these offenses. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

G.     I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

H.     I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. I understand that the discussions between me and my attorney concerning my sentence exposure or the actual sentence the Court might impose are only estimates and do not bind the Court. I understand that the Court has the ultimate discretion to determine the sentence to be imposed in my case.

I.     I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this agreement may be filed among the papers in my case.

J.     This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the Court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which

there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K.    I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I therefore wish to enter a plea of guilty to one (1) felony count of violation of Title 18, United States Code, Sections 2314 and 2, aiding and abetting the interstate transportation of stolen property.

DATED: 2·1· OCO

HILARY JEANETTE PATTISON
Defendant

As Counsel for the defendant, I have discussed with her the terms of this plea agreement, have fully explained the charge to which she is pleading guilty and the necessary elements, all possible defenses, and the consequences of her plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question her competency to make these decisions.

If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a

plea of guilty, I will immediately inform the Court.

DATED: _2/2/06_

_____
Attorney for Hilary Jeanette Pattison

On behalf of the United States, the following accept HILARY JEANETTE

PATTISON's offer to plead guilty under the terms of this plea agreement.

DATED: _2/2/06_

RETTA-RAE RANDALL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

DATED: _2/2/06_

DEBORAH M. SMITH
Acting United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: deborah.smith@usdoj.gov